## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kayetta D. Robinson<br>　　　　Debtor | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity but solely as Trustee of NRZ Pass-Through Trust X<br>　　　　Movant<br>vs.| NO. 18-18378 MDC |
| Kayetta D. Robinson<br>　　　　Debtor | 11 U.S.C. Sections 362 & 1301 |
| Nefertiti Stallworth<br>　　　　Co-Debtor | |
| William C. Miller, Esquire<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,462.70** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to January 2021 at $586.85/month<br>February 2021 to March 2021 at $619.74/month |
| Suspense Balance: | ($297.88) |
| **Total Post-Petition Arrears** | **$4,462.70** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). On or before April 15, 2021, Debtor shall bring the account post-petition current by paying the total due in the amount of **$4,462.70**;

3. Beginning with the payment due April 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $619.74 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 19, 2021         By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: 4/01/2021

                                Christopher G. Cassie, Esquire
                                Attorney for Debtors

                                No Objection

Date: April 2, 2021             /s/ LeeAne O. Huggins

                                William C. Miller, Esquire
                                Chapter 13 Trustee

Approved by the Court this 5th day of _____April_____, 2021. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge